# In the United States Court of Federal Claims

No. 11-181 C

(E-Filed:  May 11, 2011)

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| NORTHEAST MILITARY SALES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Motion to Intervene Pursuant to |
| | ) | RCFC 24; Intervention Denied as |
| v. | ) | Untimely |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

OPINION AND ORDER

Before the court are Nayyar Son's (Nayyarsons') Motion to Intervene (Nayyarsons' Motion or Mot.), Docket Number (Dkt. No.) 64, filed May 10, 2011; Defendant's Response to the Court's May 10, 2011, Order Regarding Nayyarsons's Motion to Intervene (Def.'s Resp.), Dkt. No. 66, filed May 10, 2011; Plaintiff's Opposition to Nayyar Son's Motion to Intervene (Pl.'s Opp.), Dkt. No. 67, filed May 11, 2011; and NSC's Reply to Plaintiff's Opposition to Motion to Intervene, Dkt. No. 70, filed May 11, 2011.

Nayyarsons moves to intervene in this protest pursuant to Rule 24 of the Rules of the United States Court of Federal Claims (RCFC).  Mot. 1.  Defendant "takes no position regarding" Nayyarsons' Motion.  Def.'s Resp. 1.  Plaintiff opposes Nayyarsons' Motion. Pl.'s Opp. 1.

II.     Legal Standards

Intervention as a matter of right is governed by Rule 24(a) of the RCFC, which states in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a).

Permissive intervention is governed by Rule 24(b) of the RCFC, which states in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

RCFC 24(b).

Nayyarsons does not specify whether it seeks to intervene as of right or permissively. However, the intervention must be timely whether the party seeks to intervene as of right or permissively. Chippewa Cree Tribe of the Rocky Boy's Reservation v. United States (Chippewa Cree), 85 Fed. Cl. 646, 658 (2009). Timeliness "is to be determined by the court in the exercise of its sound discretion" and it is "to be determined from all the circumstances." NAACP v. New York, 413 U.S. 345, 366 (1973); see 6 James Wm. Moore et al., Moore's Federal Practice § 24.21[1] (3d ed. 2004) ("Judicial assessment of intervention timeliness is essentially discretionary."). In evaluating timeliness, the court should consider three factors: (1) the length of time during which the applicants actually knew or reasonably should have known of their rights; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the applicants by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination that the application is timely. Chippewa Cree, 85 Fed. Cl. at 658 (citations omitted); see RCFC 24(b).

III.    Discussion

Nayyarsons states that it "had previously not felt a need to intervene given the redacted grounds for protest." Mot. 1. However, in response to the court's Published Opinion and

Order of May 6, 2011, Dkt. No. 54, Nayyarsons "seeks intervention for the limited purpose of filing a motion to supplement the record to respond to inaccurate and misleading allegations of inflated savings made by protester in connection with [Nayyarsons'] internal Core Items Price Survey forms."  Mot. 1 (quotations omitted).

First, Nayyarsons "knew or reasonably should have known" about this action for nearly two months.  Chippewa Cree, 85 Fed. Cl. at 658.  Nayyarsons was served with a Pre-Filing Notification on or about March 15, 2011, and with a copy of the redacted Complaint on or about March 22, 2011.  Nayyarsons was, therefore, aware of this action in March 2011.  Nayyarsons' contention that it had not "felt a need to intervene" until the Published Opinion and Order of May 6, 2011 referenced allegations of inflated savings in connection with Nayyarsons' Core Items Price Surveys, Mot. 1, is unpersuasive.  As early as April 18, 2011 Nayyarsons should have been aware that the Core Items Price Surveys were at issue in this action because defendant filed, unsealed, Defendant's Motion for an Extension of Time to File a Reply in Support of Defendant's Cross-Motion for Judgment Upon the Administrative Record (Def.'s MTET), Dkt. No. 33, that stated "[i]ndeed, most of the documents that the Court has ordered us to add to the administrative record, including core price surveys concerning the awardee, Nayyarsons Corporation . . . were not known to Government counsel . . . prior to plaintiff's filing its motion to compel on April 11, 2011."  Def.'s MTET 2-3 (emphasis added).  Accordingly, Nayyarsons should have known that the content of the Core Items Price Surveys could be a matter before this court on April 18, 2011.  See Chippewa Cree, 85 Fed. Cl. at 658 (stating that, in evaluating timeliness, the court should consider the length of time during which the applicants actually knew or reasonably should have known of their rights).

Second, allowing Nayyarsons to intervene at this time would be prejudicial to plaintiff.  See Chippewa Cree, 85 Fed. Cl. at 658 (citations omitted).  Timeliness must be considered in the context of the proceedings.  In a bid protest, proceedings move at an expedited pace and are often resolved within two to three months.  Nayyarsons failed to intervene until nearly two months after this protest began, and filed its Motion less than forty-eight hours before oral argument, for the purpose of adding documents to the Administrative Record and presenting arguments about the documents at the scheduled oral argument.  The oral argument would, of necessity, be required to be rescheduled if the Motion were allowed because fairness would require that the parties have the opportunity to consider and, likely, brief the additions to the Administrative Record proposed by Nayyarsons.  Briefing on the parties' cross-motions for judgment on the Administrative Record was scheduled to be completed the day after Nayyarsons filed its Motion to Intervene, and is now complete.  Delay in the resolution of a bid protest by a disappointed offeror is prejudicial to that offeror.

3

Third, Nayyarsons does not allege any "unusual circumstances militating" for a determination that the intervention is timely. <u>See</u> <u>Chippewa Cree</u>, 85 Fed. Cl. at 658 (citations omitted).  Indeed, there are special circumstances militating against allowing Nayyarsons' Motion.  It is well known in the legal and contracting communities that bid protests are resolved on as expedited a schedule as may be practicable.  There is simply no excuse for a successful offeror to wait, as here, until the last hour to intervene.  It would be reasonable to assume that a protest by an unsuccessful offeror could involve some criticism of the government's evaluation of the successful offeror.  Nayyarsons sat on its rights in a circumstance where it was not reasonable to do so.

Based on the foregoing, Nayyarsons' Motion to Intervene is DENIED and, accordingly, Nayyarsons' Application for Access to Protected Materials by Outside Counsel for Nayyar Sons Corporation, Dkt. No. 65, is also DENIED.


IT IS SO ORDERED.


s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge